# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11438
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYAN CHENAULT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-88-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bryan Chenault pleaded guilty to one count of being a felon in possession of a firearm and was sentenced above the advisory guidelines range to 100 months of imprisonment and a three-year term of supervised release. On appeal, he argues that his sentence was procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11438

As Chenault did not raise these arguments in the district court, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Chenault must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Chenault has not demonstrated a clear or obvious procedural error. With respect to his claim that the district court's explanation of the sentence was inadequate, the sentencing judge should "carefully articulate the reasons" for finding a non-guidelines sentence to be appropriate. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Here, the district court listened to the arguments and statements made by defense counsel and Chenault at the sentencing proceeding, adopted the presentence report, considered the 18 U.S.C. § 3553(a) factors and the Guidelines, and stated reasons in support of the non-guidelines sentence.

With respect to the district court's reliance on the information in the presentence report regarding Chenault's criminal history, the district court "may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted). Because the presentence report has "sufficient indicia of reliability to be considered as evidence . . . in making factual determinations," the district court can adopt facts contained therein "without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the [presentence report] is unreliable." *Id.* (internal quotation marks and

citations omitted).  Here, the disputed portions of the presentence report recite the facts of Chenault's prior offenses in detail.  Despite being notified before sentencing of the district court's tentative intent to sentence him above the advisory guidelines range, and having the opportunity to present evidence at sentencing, Chenault provided no evidence at all to rebut the facts as stated in the presentence report.  Nor does he provide any meaningful explanation in his appellate brief as to why the facts as stated in the presentence report were unreliable.

Finally, Chenault has not shown that his sentence was plainly substantively unreasonable.  In determining substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).  Here, the district court made an individualized assessment as to Chenault and was free to conclude that in this case, the advisory guidelines range gave insufficient weight to some of the sentencing factors.  *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).  The district court's reasons for imposing a variance adequately reflected the sentencing factors in § 3553(a).  And while Chenault's 100-month sentence is 29 months longer than the highest sentence that could have been imposed under his advisory guidelines range, that variance is nevertheless within the range that we have held to be reasonable. *See Brantley*, 537 F.3d at 348-50 (upholding a variance of more than 250% from the advisory guidelines range).

AFFIRMED.